***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except for minor modifications; therefore, the Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. Defendant was a duly qualified self-insured, with Constitution State Service Company as its servicing agent.
3. The employee-employer relationship existed between the parties at all relevant times.
4. Plaintiff was injured on April 19, 2000.
5. Defendant denied liability for plaintiff's injury.
6. Defendant has paid no benefits for this injury.
7. Plaintiff's average weekly wage was $771.77, which yields a compensation rate of $514.54 per week, based upon the Form 22.
8. The issue for determination by the Full Commission is whether plaintiff sustained an injury by accident arising out of and in the course of his employment on April 19, 2000, and if so, to what benefits is he entitled under the Act?
9. The parties stipulated the following documents into evidence:
a. 110 pages of medical records,
b. I.C. Forms 18, 19, 61, 33, and 33R,
c. Plaintiff's Recorded Statement,
d. Plaintiff's Discovery Responses,
e. Plaintiff's Personnel File, and
f. Plaintiff's Supplemental Discovery Responses.
10. The deposition of Dr. Eric Emerson is a part of the evidentiary record in this case.
 ***********
Based upon the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the deputy commissioner hearing of this matter, plaintiff was thirty-eight years old. Plaintiff is left-hand dominant and was first employed as a truck driver with defendant in approximately 1995.
2. On April 19, 2000, plaintiff pulled his truck into the parking lot at Hardee's, located off Highway 321 in Catawba County, to telephone a customer in order to pick up a local driver. Shortly after plaintiff parked his truck, a sanitation truck pulled approximately eight (8) feet in front of plaintiff's truck. The sanitation truck driver jumped out and began working to extinguish a fire in the rear of the truck. Plaintiff could not move his truck out of danger due to the angle at which the burning truck was parked.
3. When plaintiff saw the truck fire, plaintiff retrieved his fire extinguisher and handed it to the sanitation truck driver as he had emptied his extinguisher. Plaintiff then noticed that his right hand was bleeding. Plaintiff did not know exactly how he had lacerated his right palm, near the base of the thumb, but he believed he most likely had cut it on the thin metal banding which secured the fire extinguisher to the cab.
4. Plaintiff telephoned terminal manager Frank Statile to report his injury. Mr. Statile instructed plaintiff to call 911 for medical attention. However, Mr. Statile did not prepare an I.C. Form 19, Employer's Report of Injury to Employee until June 14, 2000.
5. Emergency medical technicians wrapped plaintiff's right hand and recommended sutures. Plaintiff chose to drive his truck back to the terminal after he learned the EMTs would charge $400.00 to transport him to the hospital for further treatment. Upon his return to defendant's truck terminal, he was referred to Gaston Memorial Hospital for sutures.
6. On or about May 2, 2000, plaintiff went to ProMed to have his stitches removed. However, after plaintiff was unable to flex his right thumb, plaintiff sought treatment from his family doctor, Dr. Michael Sikes. Dr. Sikes subsequently referred plaintiff to plastic surgeon Dr. Eric Emerson of Southeastern Hand Center.
7. On May 4, 2000, Kristen Powell took a recorded statement from plaintiff regarding the injury. Although Ms. Powell and plaintiff discussed how he had cut his hand on the fire extinguisher and the burning truck, she did not ask plaintiff about the proximity of the burning truck to plaintiff's truck.
8. Dr. Emerson examined plaintiff on May 18, 2000 and diagnosed a laceration of the flexor pollicis longus tendon and recommended tendon reconstruction surgery or fusion.
9. On July 20, 2000, defendant filed an I.C. Form 61 Denial of Workers' Compensation Claim with the Industrial Commission. Claim Representative Lorie Waters prepared the Form 61, which was dated May 5, 2000, noting that plaintiff was not in the course and scope of his employment at the time of the injury.
10. It is undisputed that plaintiff was responsible for maintaining the employer's vehicle in a safe manner and the employer directly benefited by plaintiff retrieving his fire extinguisher to assist the sanitation truck driver in extinguishing his vehicle fire. Due to the close proximity of the burning truck to plaintiff's truck, the employer directly benefited by plaintiff's quick action to prevent the fire from spreading to his vehicle.
11. Since the date of the injury giving rise to this claim, April 19, 2000, plaintiff has continued to work for defendant as a dock worker.
12. Dr. Emerson now recommends that plaintiff undergo either a tendon reconstruction or an interphalangial joint fusion. Plaintiff wishes to follow Dr. Emerson's recommended course of treatment. Dr. Emerson will likely remove plaintiff from work temporarily due to this necessary surgery and follow-up treatment.
14. Plaintiff's tendon laceration is causally related to his compensable injury by accident on April 19, 2000.
15. Plaintiff has not reached maximum medical improvement as a result of the work-related injury he sustained on April 19, 2000.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of his employment on April 19, 2000. N.C. Gen. Stat. § 97-2(6). Compensability of this claim turns upon whether or not the employee was acting for the benefit of his employer to any appreciable extent at the time the accident occurred. Hoffman v. Ryder Truck Lines, 306 N.C. 502,293 S.E.2d 807 (1982). In the instant case, it is undisputed that plaintiff's actions in retrieving the fire extinguisher benefited his employer by maintaining the safety of the employer's vehicle and the cargo therein.
2. Plaintiff is entitled to have defendant pay for such medical treatment as recommended by Dr. Emerson to repair the lacerated tendon as a result of his compensable injury by accident as may be required to effect a cure, provide relief, or lessen the period of plaintiff's disability. N.C. Gen. Stat. § 97-2(19).
3. As a result of his compensable injury, plaintiff is entitled to temporary total disability compensation at the rate of $514.54 per week for the period of time he may be out of work for surgery and rehabilitation as deemed necessary by Dr. Emerson. N.C. Gen. Stat. § 97-29.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission AFFIRMS the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendant shall pay medical expenses related to plaintiff's compensable injury previously incurred or to be incurred when bills for the same have been approved, in accordance with the provisions of the Workers' Compensation Act.
2. While plaintiff is undergoing additional medical treatment and is removed from work as may be ordered by Dr. Emerson to repair the lacerated tendon, defendant shall pay temporary total disability compensation to plaintiff, subject to a reasonable attorney's fee herein approved.
3. A reasonable attorney's fee of twenty-five percent (25%) of the compensation awarded to plaintiff in paragraph 2 above is hereby approved to be deducted from sums due plaintiff and paid directly to plaintiff's counsel.
4. As plaintiff has not reached maximum medical improvement, this Opinion does not address the issue of permanent partial impairment. However, in the event that the parties should be unable to agree on the amount of permanent partial disability compensation which may be due plaintiff, either party may request a hearing from the Commission to resolve this matter.
5. Defendant shall pay the costs.
This the ___ day of November 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER